**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaundelle Dial,<br><br>    Petitioner,<br><br>v.<br><br>Mark Gutierrez,<br><br>    Respondent. | No. CV-24-00431-TUC-JGZ (MSA)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Shaundelle Dial, a federal prisoner, seeks habeas relief under 28 U.S.C. § 2241 on the ground that his constitutional rights were violated during prison disciplinary proceedings. The Court will recommend that his request for relief be denied.

**I.      Background**

On May 17, 2023, a correctional officer approached Petitioner's cell and observed him "laying on the bottom bunk and stroking his erect penis with his right hand in an up and down motion." (Doc. 16 at 7.) The officer wrote an incident report charging Petitioner with engaging in a sexual act in violation of Prohibited Act Code 205. (*Id.*) The incident was investigated by a lieutenant later that day. (*Id.* at 9.) Petitioner told the lieutenant that he "was looking at [his] magazine" and "wasn't doing it to [the officer]." (*Id.*) Petitioner then signed forms acknowledging that he had been advised of his rights and that he did not wish to have a staff representative or to call witnesses at his disciplinary hearing. (*Id.* at 10–11.) The lieutenant then referred him for a mental health evaluation. (*Id.* at 9.)

Petitioner saw the prison psychologist that afternoon. (*Id.* at 14.) The psychologist

determined that Petitioner was able to appreciate the wrongfulness of his actions and was competent to face disciplinary proceedings. (*Id.*) The Unit Discipline Committee then referred the matter to a Discipline Hearing Officer (DHO) for a hearing. (*Id.* at 8.)

The disciplinary hearing was held on May 22. (*Id.* at 3.) Petitioner appeared without a staff representative and declined to call witnesses. (*Id.* at 3–4.) Regarding the incident, he told the DHO that he "was naked and had a booty magazine." (*Id.* at 3.) He also stated that he should have been charged with indecent exposure (Prohibited Act Code 300) instead of engaging in a sexual act. (*Id.*) (Engaging in a sexual act is a high severity offense; indecent exposure is a moderate severity offense. Moderate severity offenses carry lesser penalties than high severity offenses. 28 C.F.R. § 541.3, table 1.)

After the hearing, the DHO prepared a written report finding Petitioner guilty and revoking 27 days of his good conduct time (among other sanctions). (Doc. 16 at 3–6.) The DHO based the guilty finding on the reporting officer's account of the incident, Petitioner's statement to the lieutenant, and the fact that Petitioner had committed the same act 97 times before. (*Id.* at 4–5.) Petitioner was served with a copy of the report on May 30. (*Id.* at 6.) His administrative appeals failed, and this habeas action followed.[1]

**II.   Discussion**

In his lone ground for relief, Petitioner claims that the disciplinary proceeding violated his right to due process and right to be free from cruel and unusual punishment. He requests that his conviction be expunged and that his sanctions be reversed. As discussed below, however, Petitioner has not shown that his rights were violated.[2]

**A.   Petitioner received due process.**

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*,

---

[1] Respondent concedes that Petitioner properly exhausted his claims. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (stating that federal prisoners generally must exhaust their administrative remedies before seeking habeas relief).

[2] Petitioner also claims that he is receiving inadequate mental health care in violation of the Eighth Amendment, and that he is entitled to certain care and programming. Chief Judge Zipps dismissed that claim as "beyond the scope of this action." (Doc. 7 at 2.) It is not discussed in this report.

418 U.S. 539, 556 (1974). That said, prisoners have a liberty interest in their good conduct time, so due process protections are required "[w]here a prison disciplinary hearing may result in the loss of good time credits." *Superintendent v. Hill*, 472 U.S. 445, 453–54 (1985) (citing *Wolff*, 418 U.S. at 563–67). In this context, due process requires: (1) written notice of the charges at least 24 hours before the disciplinary hearing, (2) an opportunity "to call witnesses and present documentary evidence," (3) the option to be assisted by a staff member or fellow prisoner, (4) an impartial factfinder, and (5) "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." *Wolff*, 418 U.S. at 563–71. In addition, (6) the factfinder's conclusions must be "supported by some evidence in the record." *Hill*, 472 U.S. at 454.

The record shows that each of these requirements was met in Petitioner's case. First, Petitioner was served with the incident report on May 17, several days before the hearing. (Doc. 16 at 7.) Second, Petitioner was advised that he had the right to call witnesses and present documentary evidence. (*Id.* at 10.) He waived his right to call witnesses, and he chose not to produce any documentary evidence. (*Id.* at 4, 11.) Third, Petitioner was advised that he had the right to assistance by a staff member, and he chose to waive that right. (*Id.* at 10–11.) Fourth, there is no allegation that the DHO was biased, and the record shows that the DHO was not involved in the incident or investigation. (*Id.* at 7, 9, 14.) Fifth, the DHO wrote a report explaining that the guilty finding was based on the reporting officer's statement, Petitioner's statement to the lieutenant, and Petitioner's offense history. (*Id.* at 4–5.) The DHO explained that the sanctions were justified because Petitioner's conduct presented a health and safety risk and jeopardized the security and orderly running of the prison. (*Id.* at 5.) Sixth, and finally, the reporting officer's statement and Petitioner's admission to masturbating are "some evidence" supporting the conclusion that Petitioner engaged in a sexual act. *See Hill*, 472 U.S. at 455 (stating that only a "modicum of evidence" is required).

Petitioner does not argue that he was denied any of these due process protections. Instead, he argues that his "conduct matches . . . indecent exposure more then [sic] . . .

engaging in sexual acts." (Doc. 6 at 4.) Petitioner does not explain, and the Court fails to see, how this is a constitutional problem. It is not uncommon for a single act to violate more than one law. Here, Petitioner's conduct fits the offense of engaging in a sexual act. *See Griffin v. Brooks*, 13 F. App'x 861, 864 (10th Cir. 2001) ("It is unquestionable that masturbation is a 'sexual act' [under Prohibited Act Code 205]."). As such, that charge was valid, even if Petitioner could have been validly charged with something else.

Petitioner also raises a few issues relating to his psychological examination. He seems to argue that the psychologist applied the wrong standard in determining whether he was responsible for his acts. The psychologist determined that Petitioner was responsible because, at the time of the incident, he was "able to appreciate the nature and quality, or wrongfulness, of [his] behavior." (Doc. 16 at 14.) Petitioner says that this was "wrong," and that the psychologist should have considered that his mental disorders make his conduct "uncontrollable." (Doc. 6 at 4.) This argument is not convincing. Even in criminal cases, where a person's freedom may be at stake, "due process imposes no single canonical formulation of legal insanity." *Clark v. Arizona*, 548 U.S. 735, 753 (2006). It must follow that due process does not require a certain test in the less-consequential context of prison disciplinary proceedings. *See Wolff*, 418 U.S. at 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply.").

Petitioner next argues that he has "a right to psychiatric assistance [to] challenge the psychologist's evaluation of [his] incident report." (Doc. 6 at 5.) He offers no authority for the proposition that due process entitles prisoners to a second medical opinion in prison disciplinary proceedings. Given what the Supreme Court has said about such proceedings, the Court disagrees that that is the law. Finally, Petitioner argues that the DHO erred by not including the "psychological evaluation findings in the DHO report." (*Id.* at 4.) That is not a due process requirement. The DHO need only identify the evidence relied upon and state the reasons for any sanctions imposed. *Wolff*, 418 U.S. at 563. The DHO did so here.

Accordingly, Petitioner's claim that he was denied due process is without merit.

**B.      Petitioner was not subjected to cruel and unusual punishment.**

The Eighth Amendment bars cruel and unusual punishment in prison disciplinary proceedings. *See Overton v. Bazzetta*, 539 U.S. 126, 136–37 (2003) (holding that a 2-year loss of visitation privileges for rule violations did not violate the Eighth Amendment). Here, Petitioner was sanctioned with the loss of 27 days of good conduct time, 30 days of disciplinary segregation, and the 1-year loss of commissary, phone, and tablet privileges. (Doc. 16 at 5.) He does not explain how these sanctions violated his Eighth Amendment rights. Nor does the Court see a violation. The sanctions are not grossly disproportionate to the offense, especially considering Petitioner's offense history. *See Rummel v. Estelle*, 445 U.S. 263, 271 (1980) (stating that "the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime"); *Jackson v. Sneizek*, 342 F. App'x 833, 836 (3d Cir. 2009) (holding that the loss of 406 days of good conduct time was not disproportionate to the offense of refusing to provide a urine sample). Nor do they "create inhumane prison conditions," "deprive [Petitioner] of basic necessities," or constitute "a dramatic departure from accepted standards for conditions of confinement." *Overton*, 539 U.S. at 137.

Therefore, Petitioner's claim that he was subjected to cruel and unusual punishment is without merit.

**III.   Conclusion**

The Court recommends that Respondent's motion to dismiss (Doc. 12) be **granted**, and that Petitioner Shaundelle Dial's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 6) be **denied**.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies on objections absent the district court's permission. A failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Clerk of

Court is directed to **terminate** the referral of this matter. Filed objections should bear the following case number: **CV-24-00431-TUC-JGZ**.

Dated this 7th day of March, 2025.

                                               _____
                                               Honorable Maria S. Aguilera
                                               United States Magistrate Judge